UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
─────────────────────────────────────────────
CONSTANTINEE L. JACKSON,

                                    Plaintiff,

                                                            9:05-CV-1393
                    v.                                          (TJM)(GHL)

ONONDAGA COUNTY; ANTHONY CASTILLO, JR.;
C. SPINA,

                                  Defendants.
─────────────────────────────────────────────
APPEARANCES:                          OF COUNSEL:

CONSTANTINEE L. JACKSON
Plaintiff, *pro se*

ANTHONY P. RIVIZZIGNO            KATHLEEN M. DOUGHERTY, ESQ.
Onondaga County Attorney
421 Montgomery St.
Syracuse, NY   13202
Counsel for the Defendants

THOMAS J. McAVOY, SENIOR U.S. DISTRICT JUDGE

## DECISION and ORDER

     Presently before the Court is a motion from *pro se* plaintiff Constantinee L. Jackson seeking a temporary restraining order and preliminary injunctive relief.  Dkt. No. 23.  The defendants have filed papers in opposition.  Dkt. No. 25.

     By his complaint in this action, plaintiff seeks damages for his allegedly unlawful confinement in the Special Housing Unit at the Onondaga County Jail.  Dkt. No. 1. According to plaintiff, that confinement was predicated on a false misbehavior report issued by defendant Spina.

     Plaintiff's motion for injunctive relief appears to seek a preliminary award of damages to plaintiff of an amount between "$25,000 and $75,000." Dkt. No. 23 at 1. Plaintiff states that these monies are needed by him to take care of "the divorce lawyer,

(4) surcharges, school clothing for daughter ..., church ties [sic], criminal lawyer...." *Id*. By a supplemental motion, plaintiff now seeks up to $100,000, apparently to cover the costs of moving his son to a new apartment. Dkt. No. 32.

The standard a court must utilize in considering whether to grant a request for injunctive relief is well-settled in this Circuit. As the Second Circuit noted in *Covino v. Patrissi,* 967 F.2d 73 (2d Cir. 1992), the movant must show: (a) irreparable harm and (b) either (1) a likelihood of success on the merits of the claim or (2) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly toward the party seeking injunctive relief. *Id*. at 77 (affirming district court's denial of inmate's request for preliminary injunction); *see also Roucchio v. LeFevre*, 850 F. Supp. 143, 144 (N.D.N.Y. 1994) (McAvoy, C.J.) (adopting Report-Recommendation of Magistrate Judge that denied inmate's request for injunctive relief).

"The showing of irreparable harm is the 'single most important prerequisite for the issuance of a preliminary injunction.'" *Brown v. Middaugh*, 1998 WL 566791, *1 (N.D.N.Y. Sept. 3, 1998) (Munson, D.J.) (citations omitted). "Irreparable harm must be shown to be imminent, not remote or speculative, and the injury must be such that it cannot be fully remedied by monetary damages." *Roucchio*, 850 F.Supp. at 144.

Plaintiff has not made any showing that he is likely to suffer imminent irreparable harm if the requested relief is not granted. Plaintiff's desire to obtain sufficient funds to meet various financial commitments does not provide a basis for the award of injunctive relief. In addition, plaintiff has failed to demonstrate a likelihood of succeeding on the merits of his claims, or to provide evidence of sufficiently serious questions going to the

merits of the claim and a balance of hardships tipping decidedly toward the party seeking such relief.  *See Covino*, 967 F.2d at 77.  Plaintiff has not provided the Court with any evidence in support of his claims that his confinement in the Special Housing Unit was improper.

Since plaintiff failed to establish the two requisite elements discussed above, his motions for injunctive relief must be denied.

WHEREFORE, it is hereby

ORDERED, that plaintiff's motions for injunctive relief (Dkt. Nos. 23 and 32) are denied, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

Dated: October 16, 2006

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge