UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CONSTANTINEE L. JACKSON,

                                Plaintiff,

                                                          9:05-CV-1393
                  v.                                              (TJM)(GHL)

ONONDAGA COUNTY; ANTHONY CASTILLO, JR.;
C. SPINA,

                                Defendants.
_____

APPEARANCES:                              OF COUNSEL:

CONSTANTINEE L. JACKSON
Plaintiff, *pro se*

ANTHONY P. RIVIZZIGNO                KATHLEEN M. DOUGHERTY, ESQ.
Onondaga County Attorney
Counsel for the Defendants

THOMAS J. McAVOY, SENIOR U.S. DISTRICT JUDGE

## DECISION and ORDER

Presently before the Court is a motion from *pro se* plaintiff Constantinee L. Jackson seeking reconsideration of this Court's Decision and Order denying plaintiff's motion for a temporary restraining order and preliminary injunction. Dkt. No. 37. The defendants have not responded to the motion.

Plaintiff's motion for injunctive relief sought a preliminary award of damages to plaintiff of an amount between "$25,000 and $75,000." Dkt. No. 23 at 1.[1] Plaintiff stated that he needed these monies take care of "the divorce lawyer, (4) surcharges, school clothing for daughter ..., church ties [sic], criminal lawyer...." *Id*. By a supplemental motion, plaintiff sought up to $100,000, apparently to cover the costs of

---

[1] Plaintiff claims, *inter alia*, that he was improperly confined in the special housing unit at the Onondaga County Jail. See Dkt. No. 1.

moving his son to a new apartment. Dkt. No. 32.

By Decision and Order filed October 16, 2006, plaintiff's requests for injunctive relief were denied. Dkt. No. 33. In so ruling the Court found that plaintiff had not made any showing that he was likely to suffer imminent irreparable harm if the requested relief was not granted. The Court also determined that plaintiff had failed to demonstrate a likelihood of succeeding on the merits of his claims, or to provide evidence of sufficiently serious questions going to the merits of his claims and a balance of hardships tipping decidedly toward him. *See Covino*, 967 F.2d at 77.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

In support of his motion, plaintiff reasserts his claim that his SHU confinement was wrongful, that he was injured thereby, and that he is in need of the requested monies. Dkt. No. 37.

Upon review of the file, including plaintiff's motion for reconsideration, the Court finds that his motion for injunctive relief was properly denied. The fact that plaintiff disagrees with the Court's decision does not warrant reconsideration thereof. Accordingly, plaintiff's motion for reconsideration is denied.

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion for reconsideration (Dkt. No. 37) is denied, and

it is further

ORDERED, that the Clerk serve a copy of this Order on the parties.

Dated: January 18, 2007

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge